IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

STEVE TOWNSEND

       Plaintiff,

                            **CASE NO.:** 12-cv-2771 JTM/DJW

v.

COMMERCIAL RECOVERY SYSTEMS, INC.,

       Defendant.

## COMPLAINT AND JURY DEMAND

### JURISDICTION

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

2. This action arises out of the Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA").

### VENUE

3. Venue is proper in this District.

4. The acts and transactions alleged herein occurred in this Judicial District.

5. The Plaintiff resides within the Judicial District.

6. Defendant transacts business within this Judicial District.

7. The Defendant regularly collects debts by telephone and the mails within this Judicial District.

## PARTIES

8. Plaintiff Steve Townsend is a natural person.

9. Plaintiff resides in the City of Lenexa, County of Johnson, State of Kansas.

10. The Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3), because the debt Defendant is collecting is a personal credit card, used for personal, family and household purposes.

11. The Plaintiff is an "any person" as that term is used within 15 U.S.C. § 1692 et seq. because she is a natural person.

12. Defendant, Commercial Recovery Systems, Inc. is a foreign corporation.

13. Defendant maintains no Kansas resident agent.

14. Defendant is a Texas entity operating from an address of 8035 E RL Thornton Freeway, Suite 220, Dallas, Texas, 75228.

15. The Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6), because the Defendant regularly attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another that arose out of transactions in which the money, property or services which are the subject of the transactions are primarily for personal, family or household purposes.

16. The principal business of the Defendant is the collection of debts using the mails and telephone.

17. The Defendant regularly attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another that arose out of transactions in which the

money, property or services which are the subject of the transactions are primarily for personal, family or household purposes.

## FACTUAL ALLEGATIONS AND CAUSES OF ACTION

18. Sometime prior to the filing of the instant action, the Plaintiff and/or his spouse incurred a financial obligation that was primarily for personal, family or household purposes, namely an amount due and owing on a personal account, Commercial Recovery Systems, Inc.'s Account # 5771083 (hereinafter the "Account").

19. The Account is a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

20. The Account went into default with the original creditor.

21. After the Account went into default the Account was placed or otherwise transferred to the Defendant for collection.

22. The Plaintiff disputes the Account.

23. The Plaintiff requests that the Defendant cease all further communication on the Account.

24. The Plaintiff is represented by the undersigned attorney with respect to the subject debt.

25. The Plaintiff requests that the Defendant validate the debt pursuant to 15 U.S.C. § 1692g.

26. In the year prior to the filing of the instant action, including but not limited to Novermber and December of 2012, the Defendant, acting through its representatives, employees and/or agents, made telephone calls to the Plaintiff and left voicemail messages for the Plaintiff at his home telephone #. This

telephone number, to protect Plaintiff's privacy, will be provided to Defendant or counsel upon request.

27. Upon information and belief, Defendant possesses recordings of the content of telephone calls between Plaintiff and Defendant's representatives.

28. Upon information and belief, Defendant kept and possesses written documentation and/or computer records of telephone calls between Plaintiff and Defendant's representatives.

29. The purpose of these telephone calls was to attempt to collect the Account.

30. The telephone calls conveyed information regarding the Account directly or indirectly to the Plaintiff.

31. The telephone calls each individually constituted a "communication" as defined by FDCPA § 1692a(2).

32. The only reason that the Defendant and/or representatives, employees and/or agents of the Defendant made telephone calls to the Plaintiff was to attempt to collect the Account.

33. During the telephone calls representatives, employees and/or agents of the Defendant falsely stated that if Plaintiff did not "pay by Friday, they will garnish his wife's wages" in violation of 15 U.S.C. § 1692e.

34. Defendant did not garnish Plaintiff's wife's wages.

35. During the telephone calls representatives, employees and/or agents of the Defendant falsely stated that if Plaintiff did not pay by Friday "that the bill would be $3000.00 rather than $1,000.00" in violation of 15 U.S.C. § 1692e(2).

36. During the telephone calls representatives, employees and/or agents of the Defendant falsely stated that if Plaintiff did not pay they would "evaluate and seize assets' in violation of 15 U.S.C. § 1692e. No assets were seized.

37. During the telephone calls and voicemails representatives, employees and/or agents of the Defendant attempting to collect the Account repeatedly contacted Plaintiff after advised Plaintiff was represented by counsel in violation of 15 U.S.C. 1692 c(2).

38. The Defendant and its representatives, employees and/or agents above listed statements and actions, taken as a whole, involve unfair and/or unconscionable means to collect or attempt to collect a debt and therefore constitute violate FDCPA 1692f.

39. "The Act [FDCPA] is a strict liability statute; violations of the Act do not need to be intentional to be actionable." Smith v. National Credit Systems, Inc., 807 F.Supp.2d 836, 840 (D.Az. 2011).

40. "Because the FDCPA "is a "strict liability statute," Plaintiff need only demonstrate "one violation of its provisions" to be entitled to a favorable judgment." Doshay v. Global Credit and Collection Corporation, 796 F.Supp.2d 1301, 1304 (D.Colo. 2011).

41. The FDCPA is a remedial statute, it should be construed liberally in favor of the consumer. Johnson v. Riddle, 305 F.3d 1107, 1117 (10th Cir. 2002).

42. The FDCPA allows the consumer to orally dispute a debt. <u>Camacho v. Bridgeport Financial Inc.</u>, 430 F.3d 1078, 1081 (9th Cir. 2005) and <u>Brady v. The Credit Recovery Company, Inc.</u>, 160 F.3d 64, 67 (1st Cir.1998).

43. The FDCPA does not require the consumer to provide any reason at all in order to dispute a debt. <u>Sambor v. Omnia Credit Servs.</u>, 183 F.Supp. 2d 1234, 1240 (D. Haw. 2002).

44. A consumer is entitled to dispute the validity of a debt for a good reason, a bad reason, or no reason at all. <u>Mendez v. M.R.S. Assoc.</u>, 2004 WL 1745779, page 2 (N.D.Ill. August 3, 2004).

45. As a consequence of the Defendant's collection activities and communications, the Plaintiff has suffered damages, including emotional distress.

## JURY TRIAL DEMAND

The Plaintiff is entitled to and hereby demands a trial by jury. US Const. amend. 7., Fed. R. Civ. Pro. 38.

## DESIGNATION OF PLACE OF TRIAL

Plaintiff requests Kansas City, Kansas as the place of trial.

## PRAYER

**WHEREFORE**, the Plaintiff prays that the Court grants the following:

1. Actual damages under 15 USC § 1692k(a)(1).

2. Statutory damages under 15 USC § 1692k(a)(2)(A).

3. Reasonable attorneys fees and costs pursuant to 15 USC § 1692k(a)(3).

4. A finding that Defendant violated the FDCPA.

5. Such other and further relief as the Court deems just and proper.

Respectfully submitted,

/s/ J. Mark Meinhardt
J. Mark Meinhardt #20245
9400 Reeds Road Ste 210
Overland Park, KS 66207
mark@meinhardtlaw.com
913-451-9797
Fax 913-451-6163

ATTORNEY FOR PLAINTIFF